**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Willow Thames,

Plaintiffs,

v.

Audra Hamernick, et al.,

Defendants.

Case No. 2:25-cv-01402-CDS-BNW

**ORDER**

"A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987) (citing 28 U.S.C. §§ 455(a), 455(b)(1)). There are two federal statutes addressing the standards for recusal: 28 U.S.C. §§ 144 and 455. Under either statute the substantive test for bias or prejudice is identical, but the procedural requirements of the two sections are different. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).

Under § 144, a party seeking recusal must provide an affidavit stating facts and reasons for the belief that the judge is biased. Here, Plaintiff has failed to provide an affidavit, and therefore her motion is improper under § 144. Thus, this Court will consider Plaintiff's motion under § 455.

Section 455, unlike § 144, has no procedural requirements. It is self-enforcing on the judge's part, who must recuse herself if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Sibla*, 624 F.2d at 867–68. Section 455 (a) and (b) provide separate but overlapping bases for recusal. Subsection (a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) is narrower, requiring recusal only under specific, identifiable circumstances. *Id*. at § 455(b)(1)–(5). Under either subsection, recusal is appropriate when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939

(9th Cir. 1986). Further, the alleged prejudice must result from an extrajudicial source—a judge's prior adverse ruling is not sufficient cause for recusal. *Id*.

Here, Plaintiff speculates that the undersigned knows/has a relationship with at least one of the defendants. But this is purely conjectural—and not correct.

Next, Plaintiff complains about this Court's prior recommendation for the dismissal of her case. But it is customary to recommend dismissal of cases when litigants do not comply with court orders. Plaintiff was ordered to file her *in forma pauperis* ("IFP") application by September 8, 2025. ECF No. 3. Since no application was filed by that date, this Court recommended dismissal of the action. ECF No. 4. Ten days later, Plaintiff submitted her application and—on October 1, 2025—this Court vacated the prior recommendation for dismissal. ECF Nos. 5,6. Indeed, this Court vacated the prior recommendation *even before* Plaintiff requested that same relief on October 3, 2025.

In short, nothing in Plaintiff's motion allows for the conclusion that the undersigned's impartiality might reasonably be questioned.

This Court will review Plaintiff's IFP application and screen her complaint in due course.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for recusal (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court (1) detach pages 1-11 of the motion and file them on the docket. The remaining pages may remain sealed at ECF No. 9 as they contain personal identifying information. *See Kamakana v. City of Honololu*, 447 F3d 1172 (9th Cir. 2006).

DATED: February 27, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE