UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Willow Thames,

Plaintiff

v.

Audra Hamernick, et al.,

Defendants

Case No. 2:25-cv-01402-CDS-BNW

**Order Overruling Plaintiff's Objection, Denying as Moot Plaintiff's Demand for De Novo Review, and Accepting the Magistrate Judge's Report and Recommendation**

[ECF Nos. 27, 30, 31]

Pro se plaintiff Willow Thames initiated this lawsuit on August 1, 2025, by filing an application to proceed *in forma pauperis* (IFP) alongside her complaint. ECF Nos. 1, 1-1. Upon review, U.S. Magistrate Judge Brenda Weksler denied Thames's IFP application because she used the incorrect application form. ECF No. 3. Judge Weksler provided a copy of the correct application form and ordered Thames to file it by September 8, 2025. *Id.* Thames did not file a renewed IFP application by the deadline, so on September 19, 2026, Judge Weksler issued a report and recommendation (R&R) that I dismiss this action. ECF No. 4. Ten days later, Thames filed an IFP application, ECF No. 5, and, as a result, Judge Weksler vacated the R&R, ECF No. 6.

On March 13, 2026, Judge Weksler ordered Thames to refile her complaint because portions of the original filing were illegible due to faint ink, which rendered the contents indecipherable. ECF No. 12. Thames had until April 3, 2026, to do so. *Id.* In response, Thames filed an affidavit stating that she was unable to comply with the court's order requiring her to electronically file her complaint because she lacked the ability to use a computer. ECF No. 13. Judge Weksler subsequently issued a second minute order clarifying that Thames was not required to use a computer and could rewrite her complaint using ink dark enough to ensure that its contents were legible. ECF No. 14. In turn, Thames filed a second affidavit explaining that, due to her disabilities, she was unable to rewrite and refile her complaint by the April 3,

2026 deadline. ECF No. 15. As a result, the magistrate judge extended the deadline for Thames to refile her complaint to June 3, 2026. ECF No. 16. On June 1, 2026, Thames filed a letter purportedly from her primary care physician stating that, due to her physical limitations, Thames needed additional time to rewrite and refile her complaint. ECF No. 17. Judge Weksler again granted Thames additional time and extended the deadline to August 10, 2026. ECF No. 18. In that order, Judge Weksler warned Thames that no further extensions would be granted and that failure to file an amended complaint by the deadline would result in the court recommending dismissal. *Id.*

On August 14, 2026, four days after the filing deadline, Thames filed an "amended and abridged complaint." ECF No. 22. Although Thames filed her amended complaint after the deadline expired, the magistrate judge accepted the untimely filing and indicated that it would be screened in the ordinary course. ECF Nos. 23, 26.[1] Upon screening, Judge Weksler found that Thames's amended complaint remained illegible because it contained many of the same illegible pages as her original complaint. ECF No. 27. In deciding whether to dismiss Thames's action for failure to comply with a court order, the magistrate judge weighed the five factors discussed in *In re Phenylpropanolamine (PPA) Products Liability Litigation* and found they weighed in favor of dismissal.[2] ECF No. 27 at 2–3 (citing 460 F.3d 1217, 1226 (9th Cir. 2006)). Judge Weksler reasoned that Thames's "failure to file a legible complaint completely prevents any resolution of her claims" and although she accepted Thames's "untimely amendment after granting her nearly five months to submit a legible document, [] she has still failed to comply with this Court's

---

[1] On August 17, 2026, Judge Weksler issued a second R&R recommending the dismissal of Thames's claims due to her failure to comply with the court's order to refile the complaint by August 10, 2026. ECF No. 21. That R&R was vacated after Thames's amended complaint was entered by the Clerk of Court on August 18, 2026 (ECF No. 22). ECF No. 23. Shortly thereafter, Thames filed a motion to supplement her amended complaint, ECF No. 25, which the court denied, ECF No. 26.

[2] The factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

orders." *Id.* at 2. The magistrate judge therefore recommends that I dismiss Thames's amended complaint without prejudice for her failure to comply with the court's orders. *Id.* at 3.

Any objections to the R&R were due 14 days after service. *Id.* at 3; *see also* Local Rule IB 3-2(a) ("The deadline to file and serve any objections to a magistrate judge's findings and recommendations is 14 days after service of the findings and recommendations."). However, Thames moved for an extension of time to file objections, which the court granted, extending the deadline by an additional 14 days. ECF Nos. 28, 29. On October 29, 2026, Thames filed an objection, ECF No. 30, and a "demand for de novo review and a ruling on the supplemental addendum," ECF No. 31. After conducting a de novo review, I overrule Thames's objection, deny as moot her demand for de novo review and a ruling on her motion to supplement, accept the R&R in its entirety, and dismiss Thames's amended complaint without prejudice.

## I. Legal standard

"Any party wishing to object to a magistrate judge's findings and recommendations . . . must file and serve specific written objections with supporting points and authorities." LR IB 3-2(a). "[A] party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b)(2). Then, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. Discussion

In the R&R, the magistrate judge finds that Thames failed to comply with the court's orders because her amended complaint contains many of the same illegible pages as the previously rejected complaint. ECF No. 27 at 2. In other words, the complaint was unreadable—likely because the ink became lighter each time the original handwritten document was copied by a printer or scanned onto a computer even though the original document may have appeared

dark enough to read—and the court was unable to ascertain the facts and injury claimed by Thames. Judge Weksler therefore concludes that dismissal is warranted because Thames failed to comply even after four separate orders directed her to refile a legible complaint, and despite having been afforded nearly five months to do so. *Id.* at 2. She further finds that Thames's failure to comply undermines the public's interest in the expeditious resolution of litigation and that dismissal would serve the court's interest in managing its docket. *Id.* The R&R further discusses that Thames was given ample opportunities to refile a legible complaint that would allow Judge Weksler to read and assess her claims and was warned that her failure to comply would result in the recommendation of dismissal. *Id.* at 3.

Although Thames objects, her objection is vague, lacks specificity, and is generally non-responsive to the R&R. ECF No. 30. When a specific objection is made to a portion of a magistrate judge's report and recommendation, the court subjects that portion of the report and recommendation to a de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it objects and state the basis for the objection." *Kenniston v. McDonald*, 2019 WL 2579965, at *7 (citing *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)).

Thames's objection, construed generously,[3] constructs a narrative that the magistrate judge's recommendation to dismiss is inaccurate because she "did not submit illegible pages in [the] original complaint" and she "did not submit the same illegible pages but a new amended and abridged complaint." ECF No. 30 at 1, 5. Despite my findings regarding the vagueness of Thames's objection, I reviewed the report and recommendation de novo pursuant to 28 U.S.C. § 636(b)(1).[4]

[3] Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

[4] Because I am conducting a de novo review despite Thames's vague objection, her demand for de novo review is moot. Further, because the magistrate judge previously ruled on Thames's supplemental

As an initial matter, a comparative review of Thames's amended and abridged complaint against her original complaint reveals Thames did not fully comply with the court's order. Although Thames did rewrite some of the pages from her original complaint, *compare* ECF No. 22 at 6–8, *with* ECF No. 1-1 at 7, 9, there are nevertheless portions of Thames's amended complaint that are identical to her original complaint (albeit, the ink appears lighter and some of the content was cut off along the margins). *Compare* ECF No. 22 at 2–5, *with* ECF No. 1-1 at 2–5. Of those identical pages, page three of the amended complaint is supposed to set forth the statement of Thames's alleged claim(s) and the relief she seeks, but it remains illegible. *Compare* ECF No. 22 at 3, *with* ECF No. 1-1 at 5. Without a legible complaint, the court cannot determine whether it has jurisdiction over this matter, or if there are any cognizable federal claims.

After considering the five factors discussed in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, I agree with the magistrate judge's assessment of those factors and find that Thames's failure to comply with the court's orders warrants dismissal. *See* ECF No. 27 at 2–3. Specifically, Thames's failure to comply with the court's orders makes complete disposition on the merits an impossibility when the page of Thames's amended complaint outlining the statement of her claim(s) and the relief she seeks is illegible. And with respect to the availability of less drastic sanctions, the court recognizes that dismissal without prejudice at this stage might constitute dismissal with prejudice[5] considering that Thames's injury appears to have occurred in 2022 and thus could be barred by any applicable statute of limitations. *See* ECF No. 22 at 7. Nevertheless, the record demonstrates that the issuance of yet another order would be futile under the circumstances presented here.

---

addendum, *see* ECF No. 26, her "demand" for a ruling on the supplemental addendum is also moot, ECF No. 31.

[5] Dismissal *without* prejudice means that Thames may later initiate a new lawsuit by paying the applicable filing fee or moving to proceed IFP and by filing another complaint whereas dismissal *with* prejudice means that she cannot.

Finally, Thames also raises allegations of bias by the magistrate judge, namely that she "has shown for reasons unknown bias toward this plaintiff" and Thames "can only think that [the magistrate judge] has a – – – – relationship with one or more of the defendants." ECF No. 30 at 2, 4. While the proper avenue to raise these allegations would have been through a motion for recusal or disqualification, the court notes that Thames has not offered any facts which might lead a reasonable person with knowledge of all the facts to conclude that the magistrate judge's impartiality might reasonably be questioned. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). Indeed, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, even if I read Thames's claims with some presumption of validity, they do not inform my de novo review of whether Thames's suit should be dismissed under the five *In re Phenylpropanolamine (PPA) Products Liability Litigation* factors for failure to comply with the court's orders. Accordingly, I disregard Thames's allegations of bias.

## III. Conclusion

IT IS HEREBY ORDERED that Thames's objection **[ECF No. 30] is overruled**, therefore the magistrate judge's report and recommendation **[ECF No. 27] is accepted and adopted in full**. The plaintiff's amended complaint **[ECF No. 22] is dismissed without prejudice**.

IT IS FURTHER ORDERED that the plaintiff's demand for de novo review and a ruling on the supplemental addendum **[ECF No. 31] is denied as moot.**[6]

The Clerk of Court is kindly instructed to close this case.

Dated: November 18, 2026

________________________________
Cristina D. Silva
United States District Judge

---

[6] Thames asserts that she did not receive a response to her September 9, 2026 supplemental addendum. ECF No. 30 at 1, 4. However, as already discussed, the record demonstrates that Thames's supplemental filing was denied on September 11, 2026. ECF No. 26 ("Under Local Rule 7-2(g), supplemental filings are prohibited without leave of court granted for good cause. Plaintiff's motion offers no explanation for why her supplemental filing should be accepted.").